**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Guanghua Chen,

Plaintiff,

v.

The Partnerships and Unincorporated Associations Identified on Schedule A,

Defendants.

Case No.: 1:26-cv-03193

Honorable Mary M. Rowland

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff Guanghua Chen ("Plaintiff") against the defendants identified on Schedule A, and using the Online Marketplace Accounts identified on Schedule A (collectively, the "Defendant Online Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendants identified on Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

Plaintiff having properly completed service of process on Defaulting Defendants pursuant to the Court's order, such notice being reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting

Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark (the "Plaintiff Mark") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence showing completed sales of counterfeit products using counterfeit versions of the Plaintiff Mark. *See* Docket No. 11.

A list of the Plaintiff Mark is included in the below chart.

| **Registration Number** | **Registered Trademark** | **International Classes** |
|---|---|---|
| 6,619,995 | Inpuslin | CLASS 12 |

This Court further finds that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), and false designation of origin (15 U.S.C. § 1125(a)).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. using the Plaintiff Mark or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Plaintiff Mark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff Mark;

c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's trademarks, including the Plaintiff Mark, or any reproductions, counterfeit copies or colorable imitations.

2. Pursuant to 15 U.S.C. § 1117(c)(2), Plaintiff is awarded statutory damages from each of the Defaulting Defendants in the amount of $50,000 for willful use of counterfeit Plaintiff Mark on products sold through at least the Defendant Online Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and Schedule A.

3. Any Third Party Providers holding funds for Defaulting Defendants, including PayPal, Inc. ("PayPal"), Alipay, Alibaba, Wish.com, Ant Financial Services Group ("Ant Financial"), and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Online Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 2 above) or other of Defaulting Defendants' assets.

4. All monies (up to the amount of the statutory damages awarded in Paragraph 2 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including PayPal, Alipay, Alibaba, Wish.com, Ant Financial, and Amazon Pay, are ordered to release to Plaintiff the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

5. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

6. In the event that Plaintiff identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by any e-mail addresses provided for Defaulting Defendants by third parties.

This is a Default Judgment.

Dated: July 9, 2026

Mary M Rowland

MARY M. ROWLAND
United States District Judge

# Schedule A

| No. | Online Marketplaces | No. | Online Marketplaces |
|---|---|---|---|
| 1 | Lerwood | 2 | Zelanxuan Direct |
| 3 | Lexina Home | 4 | Minitoy House |
| 5 | Yulacai Living | 6 | AtlanTec |
| 7 | Vel trixon | 8 | Zembuki |
| 9 | PurpleBay | 10 | Liuzhan Fuci |
| 11 | Fensua Home | 12 | Farbely |
| 13 | Shizhiyi Trading | 14 | Oiytec |
| 15 | Ejoyu | 16 | Wu mei Store |
| 17 | Faoulia Store | 18 | delejye |
| 19 | Shan yu | 20 | Jinksey |
| 21 | Yisena Home | 22 | Leyus Living |
| 23 | Yoska Direct | 24 | Jtxiaojin |
| 25 | Beman House | 26 | Jetowe |
| 27 | Misyex | 28 | Litwarm Home |
| 29 | Antenna YT | 30 | Gifts for Him Or Her =Lijenun |
| 31 | Hubudoo | 32 | Inshop Zhangai |
| 33 | LinGuBin2024 | 34 | Xiaowang Choice |
| 35 | Anhui Chengkai Agro | 36 | Wuhan Haomi Trading |
| 37 | qii91zhuang | 38 | Sanxuan Dazong Tech |
| 39 | Yuledeyou Mart | 40 | HeXiaona Boutique |
| 41 | yinyinYIN | 42 | Shishi Yuanxisha 156 |
| 43 | AutoMatica Co | 44 | Wangyouda SZ |
| 45 | YIWULA | 46 | Anzess 92 Store |
| 47 | Hongyaoge Living | 48 | WYBDY-US |
| 49 | LustraMate Direct | 50 | BlueDolphin Home |